**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 79 MAL 2020 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| DAVID PACHECO, | : | |
| | : | |
| Petitioner | : | |

**ORDER**

**PER CURIAM**

AND NOW, this 28th day of July, 2020, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issue set forth below at a. as stated by Petitioner. Allocatur is **DENIED** as to the remaining issue. Further, the parties are directed to address the additional issue set forth at b. below. The issues are:

a. Whether the Superior Court Panel erred in finding that an Order by a Court of Common Pleas permitting the Commonwealth to search 108 days of real time cell site location information was the equivalent of a search warrant, as required by *United States v. Carpenter*, 138 S.Ct. 2206 (2018)? Furthermore, did the Order of the Court of Common Pleas permit the Commonwealth to track Petitioner's cell phone(s) in violation of the Pennsylvania Constitution, the Fourth Amendment, the Pennsylvania Wiretap Act and the recent decision in *Carpenter*?

b. Whether the Superior Court properly held that the decision of the United States Supreme Court in *Carpenter v. United States*, 138 S.Ct. 2206 (2018), extends to the collection of real time cell site location information.